**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANISSA GARCIA, | CASE NO: 4:10-cv-56 |
| Plaintiff, | |
| | MAGISTRATE JUDGE |
| v. | NANCY A. VECCHIARELLI |
| MICHAEL J. ASTRUE, | |
| Commissioner of Social Security, | |
| | **MEMORANDUM OPINION** |
| Defendant. | **AND ORDER** |

This case is before the Magistrate Judge by the consent of the parties. (Doc. No. 21.) On April 12, 2011, Plaintiff, Anissa Garcia ("Plaintiff"), through her attorney, Marcia W. Margolius, filed a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), in the amount of $1,943.75. (Doc. No. 24.) Defendant, Michael J. Astrue, the Commissioner of Social Security ("the Commissioner") opposes. (Doc. No. 26.) For the reasons set forth below, the Court GRANTS Plaintiff's motion and awards attorney's fees pursuant to the EAJA in the amount of $1,943.75.

I.

On January 12, 2010, Plaintiff filed suit against the Commissioner in this Court to challenge the Commissioner's final decision that Plaintiff was not disabled. (Doc. 1.) Plaintiff asserted three assignments of error as bases for remand: (1) the administrative law judge ("ALJ") erroneously failed to deem Plaintiff's migraine headaches a "severe impairment"; (2) the ALJ failed to fairly and fully develop the record to make a proper determination of whether Plaintiff's hearing impairment met or medically equaled a listed impairment in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("the Listings"); and (3) the ALJ improperly evaluated Plaintiff's credibility.

The Court agreed with Plaintiff's second and third assignments of error. (Doc. No. 22.) On March 14, 2011, the Court reversed the Commissioner's final decision and remanded Plaintiff's case for further proceedings. (Doc. No. 23.) On April 12, 2011, Plaintiff filed her motion for attorney's fees pursuant to the EAJA. (Doc. No. 24.) As Plaintiff has filed a timely motion for attorney's fees, the Court has jurisdiction to consider the motion.

Plaintiff seeks EAJA fees in the amount of $1,943.75. This value represents 15.55 hours of work, 1.05 hours of which were performed in 2009, 11.25 hours of which were performed in 2010, and 3.25 hours of which were performed in 2011 (Pl.'s Mot. for Fees, App. A), at a rate of $125.00 per hour (Pl.'s Mot. for Fees 1).

On May 10, 2011, the Commissioner filed his response in opposition to Plaintiff's motion for EAJA fees. (Doc. No. 26.) The Commissioner argues that an award of EAJA fees is not warranted because his position was substantially justified and, in the alternative, that Plaintiff's fee award should be reduced because it is unreasonable.

2

## II.

The EAJA requires the payment of fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified.  *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004).[1]  A plaintiff is the "prevailing party" when he or she succeeds on any significant issue in the litigation resulting in the benefit of a remand.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)*; Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 756, 758 (N.D. Ohio 2008) (Katz, J.).  Here, Plaintiff is the "prevailing party" because the Court entered Judgment in her favor and remanded the case.  The issue is whether the Commissioner's position was substantially justified.

The Commissioner bears the burden of establishing that his position was substantially justified.  *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.,* 176 F.3d 875, 878 (6th Cir.1999).  A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person."  *Howard*, 376 F.3d at 554 (quoting *Pierce v. Underwood*, 487 U.S.

---

[1] The EAJA provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C . § 2412(d)(1)(A).

3

552, 565 (1988)). The mere fact that the Commissioner lost the case does not necessarily mean that his position was "not substantially justified." *See id.* (citing *Pierce*, 487 U.S. at 569). The pertinent inquiry is whether the Commissioner's position had a reasonable basis both in law and fact. *See id.* (citing *Pierce*, 487 U.S. at 565).

The Court remanded this case because it found that the ALJ failed to fairly and fully develop the record, and because the ALJ assessed Plaintiff's credibility with an inaccurate and selective review of the record evidence. (Mem. Op. & Order 3/14/11, at 28, 35.) The ALJ failed to obtain updated evidence of Plaintiff's hearing ability when the record evidence indicated that Plaintiff's hearing was near Listing levels and continued to diminish, and the medical evidence was not sufficient to support a finding that Plaintiff met the Listings. Moreover, the ALJ's decision contained a large number of inaccuracies and selective findings from the record. Defending an ALJ's decision characterized by these flaws cannot be said to have a reasonable basis in law or fact. Accordingly, the Commissioner's position was not substantially justified and an award of attorney's fees under EAJA is appropriate. *See, e.g., Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").

### III.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff requests fees at

a rate of $125.00 for all 15.55 hours expended on this case.  Plaintiff's counsel's hourly billing rate is within the range permitted by the EAJA; accordingly, the Court finds that it is reasonable.  Furthermore, many cases of this kind, in this Court's experience, often involve between 20 and 25 hours of work; accordingly, the Court finds that Plaintiff's counsel's 15.55 hours of work is reasonable.

The Commissioner argues that Plaintiff's EAJA fees should be reduced because some hours were expended on receiving and reviewing non-substantive notifications from the Court.  The Commissioner explains that Plaintiff's counsel billed "consistently and repeatedly to receive and review court orders." (Def.'s Response 5.)  The Commissioner contends that it was inappropriate for Plaintiff's counsel to bill for receiving and reviewing such "non-substantive" notifications because "such actions did little, if anything, to advance Plaintiff's case and would not be appropriately billed to a private client." (Def.'s Resp. 5.)

The Commissioner has not identified the specific billing entries to which he takes exception.  A review of Plaintiff's billing table reveals, however, that Plaintiff's counsel spent 6 minutes "receiving and noting" each of ten separate notifications from the Court regarding matters such as the Court's briefing schedule and extensions of time, for a total of 1 hour devoted to such tasks.  (Pl.'s Mot. for Fees, App. A.)  The Court is not persuaded that this amount of time was unreasonably spent on reviewing such notices, especially in light of the total number of hours spent on this case.  Indeed, the Commissioner has not cited any legal authority supporting his contention that it is inappropriate to bill one's client, or charge one's adversary, for time spent reviewing such notifications, or that spending 1 hour to review those ten notifications was

5

unreasonable. Accordingly, the Court finds that Plaintiff's request for EAJA fees in the amount of $1,943.75 for 15.55 hours of work is reasonable.

Plaintiff has attached to her motion an assignment agreement between her and her counsel, Marcia W. Margolius, that provides "If this matter is appealed to Federal Court, I hereby assign any EAJA fees to my attorneys." (Pl.'s Mot. for Fees, Attach. 1.) Plaintiff signed the agreement. Pursuant to that agreement, Plaintiff requests that any EAJA fee award be made payable to her counsel. The Commissioner does not oppose this request. However, pursuant to *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010), an award of EAJA fees is payable to the litigant (i.e., the plaintiff) and, as such, is subject to off-set for any pre-existing debts the plaintiff owes to the United States. Neither party has indicated whether Plaintiff owes any pre-existing debts to the United States and, consequently, whether any EAJA fee award is subject to off-set. Accordingly, the Court awards Plaintiff EAJA fees in the amount of $1,943.75 and instructs the parties to confer and resolve the details and procedures for payment. The Court will retain continuing jurisdiction to address the details and procedures for payment in the event the parties are unable to resolve the those matters among themselves.

### IV.

For the foregoing reasons, the Court GRANTS Plaintiff's motion and awards attorney's fees pursuant to the EAJA in the amount of $1,943.75.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: May 25, 2011